IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Carlos Knox | ) | Case No.: 6:20-cv-03127-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Scott Bodiford, April Roberts, Robert Hollister, Marie Livingston, and Madaline Jean Mathis, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court with two Reports and Recommendations of United States Magistrate Kevin F. McDonald ("Report and Recommendations" or "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1]  Carlos Knox ("Knox" or "Plaintiff"), proceeding *pro se*, seeks damages based on alleged civil rights violations pursuant to 42 U.S.C. § 1983.

Plaintiff filed a Complaint against the captioned Defendants on August 31, 2020.  (DE 1.) Plaintiff filed an Amended Complaint on October 29, 2020.  (DE 8.)  The Court authorized service of process as to Defendant Robert Hollister ("Hollister") on the Plaintiff's medical indifference claim regarding treatment for Hepatitis C only (DE 33) and recommended that the district court dismiss the remaining Defendants and claims with prejudice and without issuance and service of

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

process. (DE 34.)² Knox filed an Objection to the first Report and Recommendation (DE 34) on March 15, 2021. (DE 41.) Knox filed his objection beyond the timeframe permitted, which should have been filed on or before March 8, 2021.³ Hollister filed a Reply on March 29, 2021. (DE 44.)

On April 26, 2021, Hollister filed a Motion for Summary Judgment. (DE 51.) As the Plaintiff is proceeding *pro se*, the Magistrate issued an Order on April 27, 2021, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (DE 54.) Plaintiff did not file a response,⁴ and the Report and Recommendation was issued on July 1, 2021, recommending that this action be dismissed as to the deliberate indifference to serious medical needs against Hollister. (DE 68.)

Although Plaintiff attempted to file an objection to the first Report and Recommendation (DE 34), to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v.

---

² The Magistrate issued an Order on December 30, 2020, informing Knox that his claims were subject to dismissal as drafted with respect to the Defendants, except for the Plaintiff's medical indifference claim against Hollister regarding medical treatment for Hepatitis C. (DE 22.) The order informed the Plaintiff that his medical indifference claim against Hollister regarding treatment for Hepatitis C was sufficient to survive screening, and service would be recommended as to Hollister on that claim. Knox subsequently filed a motion seeking additional time to file a second amended complaint (DE 24), and the Plaintiff was provided an additional fourteen days to provide a second amended complaint (DE 25). However, Knox failed to file a second amended complaint within the time provided.

³ Even if the Court were to ignore the untimeliness of the filing, the Court nevertheless finds that Knox's objections are equally overruled because they do not specifically identify any recommendations in the Report to which objections are made as required by Rule 72(b)(2), Fed. R. Civ. P. Accordingly, Knox's objection is deemed nonspecific.

⁴ On May 19, 2021, the Plaintiff filed a motion for extension of time to respond to the motion for summary judgment. (DE 60.) The Plaintiff raised numerous matters in his motion for extension of time that were completely irrelevant to the single claim against defendant Hollister. The Plaintiff also attached 50 pages of documents relating both to his medical indifference claim against defendant Hollister and other matters, which were filed again on May 20, 2021. (DE 60-1, 60-2.) On May 24, 2021, the Court granted in part the Plaintiff's motion for extension of time. (DE 64.)

Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)).  "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003).  "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  Knox's objection to the first Report and Recommendation is untimely and otherwise nonspecific and, therefore, overruled.

Further, Knox filed no objections to the second Report and Recommendation.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

After a thorough review of the Report and Recommendation and the record in this case, the Court adopts both Report and Recommendations and incorporates them herein.

It is, therefore, **ORDERED** that Defendant Hollister's Motion for Summary Judgment (DE 51) is granted, and the remaining Defendants are dismissed with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

                                                                                          s/Joseph Dawson, III

                                                                                   Joseph Dawson, III
                                                                                   United States District Judge

Greenville, South Carolina
September 20, 2021

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.